UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------------------
JEFFREY A. WALKER,

                              Petitioner,

                              v.                                    9:05-CV-1156
                                                                      (GLS)(RFT)

ALBERTO GONZALEZ, Attorney General, United States
of America,

                              Respondent.
-------------------------------------------------------------------------
APPEARANCES

JEFFREY WALKER
10823-014
Petitioner *pro se*

GARY L. SHARPE, U.S. DISTRICT JUDGE

## **DECISION AND ORDER**

      Currently before the Court is Petitioner Jeffrey Walker's Petition for a Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241.  Dkt. No. 1.  Petitioner is confined at FCI Ray Brook.

      Petitioner has been ordered removed by Order of Immigration Judge Rango. Petitioner's appeal to the Board of Immigration Appeals was dismissed on November 10, 1993. This Petition was filed on September 14, 2005.  *See* Dkt. No. 1.

      On May 11, 2005, Congress enacted the Real ID Act (the "Act"), which became effective that same day.  *See* Real ID Act of 2005, Pub. L. No. 109-13, § 106(b), 119 Stat. 231 (2005).  Section 106 of the Act amended 8 U.S.C. § 1252 by adding the following jurisdictional provision:

> (5) Exclusive means of review
>
> Notwithstanding any other provision of law (statutory or nonstatutory), including section 2241 of Title 28, or any other habeas corpus provision, and sections 1361 and 1651 of such title, a petition for review filed with an appropriate court of appeals[1] in accordance with this section shall be the sole and exclusive means of judicial review of an order of removal entered or issued under any provision of this chapter, . . .

8 U.S.C. § 1252(a)(5).[2]

Thus, to the extent that Petitioner is directly or indirectly challenging his removal order, he may not do so in this Court. *See Munoz v. Gonzalez*, No. 05 Civ. 6056, 2005 WL 1644165, *1 (S.D.N.Y. July 11, 2005) (district court lacks jurisdiction to review merits of a petition challenging a removal order or to stay the order of removal); *Robinson v. Mule*, 05-CV-0536A, 2005 WL 1971893, *1 (W.D.N.Y. Aug. 15, 2005) (same); *McDonald v. Mule*, No. 05-CV-6367, 2005 WL 1971896, *1 (W.D.N.Y. Aug. 9, 2005) (same).

---

[1] The "appropriate court of appeals" is "the court of appeals for the judicial circuit in which the immigration judge completed the proceedings." 8 U.S.C. § 1252(b)(2). In this case, Petitioner alleges that the determination was made in Somerset, Connecticut.

[2] The Real ID Act also provides that, if any case brought pursuant to 28 U.S.C. § 2241 challenging a final order of removal, deportation and exclusion "is **pending** in a district court" on the date the Act became effective – May 11, 2005 – "then the district court shall transfer the case (or the part of the case that challenges the order of removal, deportation, or exclusion) to the court of appeals for the circuit in which a petition for review could have been properly filed . . . ." Real ID Act of 2005, Pub. L. No. 109-13, Div. B, Title I, § 106(c), 119 Stat. 311 (2005) (emphasis added). Petitioner signed the petition on September 7, 2005, and filed the petition on September 14, 2005. *See* Dkt. No. 1. Therefore, because this Petition was **not pending** on May 11, 2005, this Court has no authority to transfer this Petition to the appropriate court of appeals.

Accordingly, for all the above-stated reasons, the Court dismisses the Petition without prejudice to Petitioner refiling it in the appropriate court of appeals.

WHEREFORE, the Court hereby

**ORDERS** that Petitioner's Petition for a Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241, in which he is seeking review of an order removal, is **DENIED AND DISMISSED WITHOUT PREJUDICE** to Petitioner refiling the Petition in the appropriate Circuit Court of Appeals; and the Court further

**ORDERS** that the Clerk of the Court serve a copy of this Order on Petitioner.

**IT IS SO ORDERED.**

Dated:   January 31, 2006
         Albany, New York

_____
Gary L. Sharpe
U.S. District Judge